Veronika Fabian
Hyung S. Choi
Choi & Fabian, PLC
90 S. Kyrene Rd., Suite #5
Chandler, AZ 85226
Tele: (480) 517-1499
Fax No. (480) 517-6955
Veronika@choiandfabian.com
Hyung@choiandfabian.com

UNITED STATES DISTRICT COURT
IN THE PHOENIX DIVISION OF ARIZONA

**DARBY ANDERSON**,
*Individually, and on behalf of others similarly situated*,
    Plaintiff,

-vs-

**NELNET, INC.,**
**NELNET DIVERSIFIED SOLUTIONS, LLC,**
**NELNET SERVICING, LLC,**
**NELNET LOAN SERVICES, INC,**
**NELNET, INC,**
    Defendants.

CLASS ACTION COMPLAINT
DEMAND FOR JURY TRIAL

## **COMPLAINT & JURY DEMAND**

### **Introduction**

1. This class action involves the illegal placement of calls by NELNET to hundreds if not thousands, of cell phone subscribers using an automated telephone dialing system or artificial pre-recorded messages.

2. In 1991, Congress enacted the Telephone Consumer Protection Act ("TCPA", 47 U.S.C. §227, to regulated the explosive growth of the telemarketing industry. In so doing, Congress recognized that "unrestricted telemarketing... can be an intrusive invasion of privacy..." 47 U.S.C. §227, Congressional

Statement of Findings #5.  In 2003, the Federal Communications Commission ("FCC") issued rules clarifying the prohibition on automated and prerecorded calls to cell phones.

3. The FCC reaffirmed those rules in its January 4, 2008 Declaratory Ruling stating: "that it is unlawful to make *any call* using an automatic telephone dialing system or an artificial or prerecorded message to any wireless telephone number." The Commission went on to note that Congress found that automated or prerecorded telephone calls were a "greater nuisance and invasion of privacy than live solicitation calls, and that such calls can be costly and inconvenient." See *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1999*, F.C.C. 07-232, 23 F.C.C.R. 559 (Dec. 28, 2007; released Jan. 4, 2008).

## Jurisdiction

4. This Court has jurisdiction under the 28 U.S.C. §1331 for claims under the Telephone Consumer Protection Act 47 U.S.C. §227 and 28 U.S.C. §1337.

## Parties

5. The Plaintiff to this lawsuit is Darby Anderson ("Ms. Anderson") who is a natural person with a residence in Phoenix, Arizona.

6. Some of the calls were received by Ms. Anderson while in Arizona.

7. The Defendants, referred to collectively as "Nelnet," are:

   a. Nelnet, Inc., the parent company to the other named entities, which conducts business in the State of Arizona;

   b. Nelnet Diversified Solutions, LLC, a company which services and

collects student loans and which also conducts business in Arizona;

c. Nelnet Servicing, LLC, a company which services and collects student loans and which also conducts business in Arizona; and

d. Nelnet Loan Services, Inc., the second largest student loan servicer in the country, which has an operations center in the State of Arizona.

## Venue

8. Ms. Anderson received collection calls and text messages from Defendants in Maricopa County, Arizona.

9. The various Nelnet entities conduct business in Arizona, including student loan servicing and collections; Nelnet Loan Services, Inc., has an "operation center" in the State of Arizona, and is registered to do business in the state.

10. Venue is proper in the Phoenix Division of the United States District Court of Arizona.

## Background Concerning Nelnet

10. Nelnet's business operation is the collection of student loan debts.

11. The principal means it uses to collect debts is it to place a large number of calls to locate and persuade debtors to repay defaulted debts.

12. This practice involves the placing of millions of calls every year, and Nelnet relies heavily on technology-- including automated dialing systems, prerecorded and artificial voice messages and text message systems -- to place cell phone and text message calls.

13. In 2012, Nelnet used an automatic telephone dialing system to make text message calls to cellular telephone users, including a text message to the

cellular telephone owned by Ms. Anderson.

14. The body of the message read:

   1402909222:

   Experiencing hardship and need to postpone for 12 mos. but intend to repay?  Bring your loan out of default by replying YES to Nelnet. 8557208905 STOP to OptOut

15. Text messages cost the recipient money because cell phone users must pay the wireless service providers either for each text message call received or incur a usage allocation deduction to the text messaging plan, regardless of whether the message is authorized.

16. These technologies are highly regulated by the TCPA, and are generally prohibited by that statute when calls are directed to cellular phones.

17. The regulation of calls, including text messaging calls, using this regulated technology is a fact well known within the debt collection industry and to Nelnet.

18. Despite regulations on the use of these technologies, Nelnet knowingly uses autodialers, prerecorded and/or artificial voice messages and text messages when contacting third parties who have not consented to calls.

### General Allegations

19. Ms. Anderson is a subscriber to a cell phone service.

20. The service for this phone is via a "cellular telephone service" as described in 47 U.S.C. §227(b)(1)(A)(iii).

21  Ms. Anderson maintains the cell phone and pays the bill on the account.

22. Ms. Anderson uses the cell phone to maintain personal contacts with family and friends, and for emergency contact.

23. Ms. Anderson is a "subscriber" for the purposes of the TCPA.

## Legal Allegations

24. It is a violation of the TCPA to call a person's cellular telephone using an automatic telephone dialing system, a prerecorded message, or a artificial voice message. 47 U.S.C. §227(b)(1)(A)(iii).

25. In 2012 and 2013, Nelnet placed numerous calls to Ms. Anderson's cell phone in order to collect on a student loan debt that was not owed by her.

26. The underlying account was a student loan utilized for personal, family, or household purposes, and within the meaning of the term debt as defined in 15 U.S.C. § 1692a(5).

27. Nelnet contacted Ms. Anderson repeatedly and continuously, and on many occasions multiple times in a day, even after Ms. Anderson told Nelnet she was not the debtor.

28. In each of these calls, Nelnet used an "automatic telephone dialing system," as defined by 47 U.S.C. §227(a)(1) to initiate the calls to Ms. Anderson's cell phone.

29. During the calls, Nelnet used "an artificial or prerecorded voice" as described in §227(a)(1)(A) to transmit a communication.

30. Nelnet also placed at least two Short Message Services or SMS texts to Ms. Anderson.

31. A SMS message is a text message call directed to a wireless device through the

use of the telephone number assigned to the device.

32. A text message is a "call" within the meaning of the TCPA. *Satterfield v Simon & Schuster, Inc.* 569 F.3d 946 (9th Cir. 2009).

33. Ms. Anderson did not grant consent to Nelnet for the placement of calls to her cell phone.

34. The calls from Nelnet have caused interruptions and disruptions in Ms. Anderson's daily living and activities.

35. As a result of Nelnet's wrongful conduct, Ms. Anderson has suffered damages.

## Common Allegations

36. Nelnet falls within the definition of a "person," as defined by 47 U.S.C. §153(39).

37. Nelnet uses an autodialer system and prerecorded messages to contact large numbers of people to collect alleged debts.

38. Nelnet made, or had made on its behalf, the same (or substantially the same) text message call that was made to Ms. Anderson, *en masse*, to a list of cellular telephone numbers or randomly generated phone numbers.

39. Nelnet made the text message calls, using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

40. Nelnet failed to verify that the persons it called with its automatic dialer and prerecorded messages were, in fact, persons who have expressly consented to being contacted via these means.

41. Nelnet failed to verify that the persons it texted with its automatic dialer were,

in fact, persons who have expressly consented to being contacted via these means.

42. Nelnet has been the target of numerous complaints concerning its automated dialing and prerecorded messages and text messages by persons who have not consented to contact via cellular phone.

## CLASS DEFINITION AND CLASS ISSUES

43. Ms. Anderson brings this action on behalf of herself and a class of all other similarly situated individuals pursuant to F.R.Civ.P. 23.

44. Ms. Anderson proposes to represent the following classes:

a.  Autodialer Class-

   i.   All persons residing in the territorial United States, excluding the Court and its staff;

   ii.  Who subscribe to a cellular telephone;

   iii. Whose cellular telephone number was dialed by Nelnet using an automated telephone dialing system in the period starting four years prior to the filing of this suit, though the date of certification;

   iv.  Whose phone number was not provided by the creditor as an authorized contact number for the debtor on the account being collected by Nelnet.

b.  Prerecorded Message and Artificial Voice Class-

   i.   All persons residing in the territorial United States, excluding the Court and its staff;

      ii.      Who subscribe to a cellular telephone;

      iii.     To whom Nelnet delivered a message using either a prerecorded message or an artificial voice to that cellular telephone in the period starting four years prior to the filing of this suit, though the date of certification;

      iv.     Whose phone number was not provided by the creditor as an authorized contact number for the debtor on the account being collected by Nelnet.

c.    Text Message Class-

      i.       All persons residing in the territorial United States, excluding the Court and its staff;

      ii.      Who subscribe to a cellular telephone;

      iii.     To whom Nelnet delivered a text message in the period starting four years prior to the filing of this suit, though the date of certification;

      iv.     Whose phone number was not provided by the creditor as an authorized contact number for the debtor on the account being collected by Nelnet.

45. A search of internet complaints reveals dozens of persons who have complained of similar conduct by Nelnet.

46. Based on these complaints it appears that there are several hundred class members.

47. The class is so numerous as to make it impracticable to join all the disparate

members of the class.

48. This complaint seeks monetary damages under F.R.Civ.P. 23(b)(3).

49. The class claims in this case present common questions of law and fact including whether:

   a. Nelnet used an autodialer to collect its debts;

   b. Nelnet used prerecorded voice messages to collect its debts;

   c. Nelnet made non-emergency calls to Ms. Anderson and the class members' cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice;

   d. Nelnet transmitted text messages;

   e. Nelnet had the prior express consent to make calls to Plaintiff Ms. Anderson and the class members' cellular telephones using an automated dialer or prerecorded voice;

   f. Nelnet had the prior express consent to transmit text message calls to Plaintiff Ms. Anderson and the class members' cellular telephones;

   g. Nelnet's conduct was knowing and/or willful;

50. These common questions predominate any question affecting only individual class members.

51. Ms. Anderson's claims are typical of the class members.

52. Ms. Anderson bases her claims and those on behalf of the class upon the same legal and remedial theories.

53. Ms. Anderson will fairly and adequately protect the interests of all class members in the prosecution of this action and in the administration of all

matters relating to the claims in this case.

54. Ms. Anderson has suffered similar injuries as the members of the class she seeks to represent.

55. Ms. Anderson has retained counsel experienced in handling class action suits involving unfair business practices and consumer law.

56. Neither Ms. Anderson nor her counsel have any interest which might cause them not to vigorously pursue this action.

57. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

58. No individual class member could be expected to hold a strong interest in individually controlling the prosecution of separate claims against Nelnet, because the claim amounts are likely small, and involve statutory damages under the TCPA.

59. Management of these claims will likely present few difficulties because the calls at issue are all automated and the class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

### COUNT I- Class Claim under the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.*

60. Ms. Anderson incorporates the preceding allegations by reference.

61. Nelnet has negligently violated the TCPA, 47 U.S.C. § 227 *et seq.*, in relation to Ms. Anderson and the class members.

62. As a result of Nelnet's negligent violations of the TCPA, Ms. Anderson and class members may recover statutory damages of $500.00 for each and every

call in violation of the statute.

63. Alternatively, Nelnet has knowingly or wilfully violated the TCPA in relation to Ms. Anderson and the class members.

64. As a result of Nelnet's willful violations of the TCPA, Ms. Anderson and class members may recover statutory damages of up to $1,500.00 per call in violation of the statute.

## DEMAND FOR JURY TRIAL

65. Ms. Anderson demands trial by jury in this action.

## DEMAND FOR JUDGEMENT FOR RELIEF

66. *Accordingly, Ms. Anderson requests that the Court grant:*
    a.   *Statutory damages*
    b.    *Actual Damages*
    c.   *Injunctive Relief*
    d.   *Punitive Damages*
    e.   *Treble damages.*
    f.   *Award costs and attorney fees.*

                              Respectfully submitted,

                              <u>By: s/ Veronika Fabian</u>
                              Attorney For Darby Anderson
                              Veronika Fabian
                              Hyung S. Choi
                              Choi & Fabian, PLC
                              90 S. Kyrene Rd., Suite #5
                              Chandler, AZ 85226
                              Tele:  (480) 517-1499
                              Veronika@choiandfabian.com
                              Hyung@choiandfabian.com

Dated:  December 13, 2013